UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DWIGHT T. EAGLIN,

    Petitioner,

v.                           Case No: 2:15-cv-461-FtM-38MRM

SECRETARY, DOC,

    Respondent.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Petitioner Dwight Eaglin's Response to the Court's Order Lifting the Stay (Doc. 39) and Respondent Secretary of the Department of Corrections' Response. (Doc. 40).

On January 12, 2017, Petitioner filed a successive postconviction motion in Florida State Circuit Court pursuant to Fla. R. Crim. P. 3.851 seeking a new penalty phase under *Hurst v. Florida*, 136 S. Ct. 616 (2016). On April 3, 2017, the Circuit Court entered an order, granting a new penalty phase based on Petitioner's Rule 3.851 motion. The State of Florida did not file for a re-hearing motion and the time for an appeal has expired. On June 1, 2017, this Court lifted the stay imposed in this case and issued an order directing the parties to advise the Court on whether the stay should be reinstated.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Petitioner now states that he wants the stay reinstated or in the alternative for his Petition to be dismissed without prejudice. By dismissing without prejudice, Petitioner would not waive any of his current claims, as Petitioner's judgment will not become final for purposes of 28 U.S.C. § 2244(d)(1)(A) until the conclusion of a direct review or the expiration of the time for seeking such review of his resentencing proceedings. *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) (explaining that for purposes of § 2244(d)(1)(A), the final judgment means the sentence). The Respondent agrees that since the Petitioner's sentence is not final, the current Petition should be dismissed.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Petition is hereby **DISMISSED without prejudice.**
2. The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of October 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record
SA: FTMP-2